UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| KEITH FRANKLIN | CIVIL ACTION NO. 3:13-cv-1264 |
|     LA. DOC #123350 | |
| VS. | SECTION P |
| | JUDGE JAMES T. TRIMBLE, JR. |
| OFFICER BROWN | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Keith Franklin, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 28, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Ouachita Corrections Center, Monroe, Louisiana. Plaintiff complains that Corrections Officer Brown "disrespected" plaintiff and did not "handle himself professionally" on April 19, 2013.  Plaintiff asks that Brown be suspended without pay or discharged from employment and that plaintiff be awarded compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### Statement of the Case

Plaintiff is an LDOC inmate who is incarcerated at OCC.  On April 19, 2013, he knocked on the cell door and complained to Officer Brown that he had not received a food tray.  Officer Brown got angry, threatened plaintiff, and cursed at him.  However, upon counting the trays in the cell, Brown apparently realized that plaintiff's complaint was valid and directed the hall man

to give plaintiff a tray.  Later, Brown returned to the cell where he attempted to "intimidate" plaintiff into saying or doing something that would justify a physical confrontation with plaintiff. Plaintiff complained that Brown was disrespectful and did not act professionally. He also alleged that he fears for his life and safety so long as Brown remains employed.

Plaintiff submitted an administrative remedies grievance about the incident.  Brown's shift supervisor responded, "Inmate Franklin, you got a tray. I was in A Pod when you were served food and Dy. Brown did not call for assistance, he called for five extra trays. What you need to do is wake up and get in line for your tray instead of laying in the bed and that way you will not have this problem happen again." Plaintiff rejected this response and filed an appeal which was also rejected, as follows, "Mr. Franklin after reviewing your complaint and the supervisor's responses along with reviewing your history, I agree with Cpl. Turpin and Lt. Tilbury. No disrespect took place. Your safety on this compound is continuously observed. No problem found." [Doc. 1-1, pp. 1-3]

### Law and Analysis

### 1. Screening

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).  A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint.

Plaintiff has adequately described the complained of situation; further amendment would serve no useful purpose.

### 2. Unprofessional Conduct

Plaintiff complains about unprofessional and admittedly harsh, abusive, and threatening language used by the defendant corrections officer.  However, verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983).  In other words, allegations of mere verbal abuse by prison guards simply do not give rise to a cause of action under §1983. *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5 Cir.1993); *Siglar v. Hightower*, 112 F.3d 191 (5 Cir.1997.

In short, plaintiff has failed to state a claim for which relief may be granted.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

3

proposed legal conclusions reflected in this Report and Recommendation within fourteen

(14) days following the date of its service, or within the time frame authorized by

Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or

the legal conclusions accepted by the District Court, except upon grounds of plain error.

*See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, August 6, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

4